PEOPLE OF PUERTO RICO, Plaintiff and Appellee, *v.* JOSÉ MORALES, Defendant and Appellant.

No. 4773. Argued May 17, 1932.—Decided July 30, 1932.

*Luis F. Camacho* for appellant. *R. A. Gómez, Fiscal,* for appellee.

MR. JUSTICE ALDREY delivered the opinion of the Court.

José Morales appeals from a judgment whereby he was sentenced to three months in jail for a violation of section 328 of the Penal Code.

Said section as amended by Act No. 51 of 1916 reads as follows:

"Every conductor, engineer, brakeman, switchman, or other person having charge wholly or in part of any railroad car, locomotive, automobile, train or steamboat, and any train dispatcher, telegraph operator, station agent, or other person wholly or in part

charged with the duty of dispatching or directing the movements of any such car, locomotive, automobile, train or steamboat, who through gross negligence or carelessness, suffers or causes the same to collide with another car, locomotive, automobile, train or steamboat, or with any other object or thing whereby the death of a human being is produced, is punishable by imprisonment in the penitentiary for a maximum term of five years.

"If as a consequence of the collision, injury is suffered by any person, such conductor, engineer, brakeman, switchman or other person shall be punishable by imprisonment in jail for a maximum term of two years, or by a maximum fine of one thousand dollars, or by both penalties in the discretion of the court."

The object of this provision is to punish any person who through gross negligence or carelessness suffers or causes, among other vehicles, an automobile to collide with any other object or thing whereby the death or injury of a human being is produced.

It was charged against the appellant that through his negligence or unskillfulness in the operation of an automobile, while "driving the same at great (*mayor*) speed," he caused the vehicle to collide with the balcony of a house in the town of Salinas and in consequence thereof two boys received bruises and cuts.

At the trial, appellant offered no evidence but claimed, as he now claims, that the evidence introduced by the district attorney was insufficient to support a conviction.

The district attorney presented six witnesses. Salvador Morales had no knowledge of the matter. Juan Rivera did not know anything about the collision nor as to the place where the boys were, but he stated that the automobile was traveling slowly; and when questioned as to the damages to the house, he answered as follows:

"Two balusters fell off; with the collision 'they were displaced a little."

Eduardo Morera and Blás Alvarez did not see the collision. Juan Grandonec testified as follows:

"I was seated on the porch of my house and saw the accused driving his car and take a turn, and I saw his car collide with the house and I saw him trying to straighten the steering wheel but he could not do so and the car collided with the porch; when he hit the porch two young boys were passing by, eating bananas, and they were struck and fell to the ground."

He also stated that the automobile was not traveling fast but only at about seven miles per hour, and that when the driver took the turn he reduced the speed; that he tried to straighten the car but could not do so and it collided with the house; that in his opinion the steering wheel was not in good condition; and that the boys were passing by at that moment.

The mere fact that an automobile driven by a person collides with an object or thing is not in itself a violation of section 328 of the Penal Code, for it is necessary that said collision be caused by gross negligence or carelessness, and this fact must be proved by the district attorney; and although it was charged in the information that the negligence and carelessness of the accused consisted in driving "at great (mayor) speed," from the evidence of the district attorney it appears that appellant was driving the automobile slowly, at about 7 miles per hour; that he reduced the speed when taking the turn, and that he tried to avoid running on the sidewalk and colliding with the porch of the house, for which reason we think that the gross negligence or carelessness referred to in the law was not proved.

In the case of People v. Limardo, 29 P.R.R. 42, we have said that the original object of the statute as expressed in section 328, was to protect passengers in trains and other vehicles from the effect of collisions and to make engineers and other conductors of vehicles responsible for their negligence when any person is injured as a consequence of said collision. The evidence in this case does not show that the boys were injured as a result of the collision with the porch.

The boys were not in the balcony but on the sidewalk of the street. The case of *People* v. *Román,* 41 P.R.R. 761, is not applicable because the boy that was injured in that case was seated on the wall against which the automobile collided, and it was said there that the collision and the injury must have been simultaneous. The case of *People* v. *Lebrón,* 26 P.R.R. 382, is not applicable either, for in that case at least part of the injuries received by the person injured were caused by the collision of the automobile with the wall.

For the reasons stated, the judgment appealed from must be reversed and the defendant discharged.

Mr. Chief Justice Del Toro and Mr. Justice Hutchison dissented.